**IN THE UNDITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

**LARRY MAHANEY,**
                **PLAINTIFF**

**VS.**                                               **CASE NUMBER 3:23-CV-00129-DJH**

**MCNEIL & COMPANY,**
                **DEFENDANT**

**PLAINTIFF'S FRCP 15(c) & 19(a) MOTION TO AMEND COMPLAINT
& JOIN NECESSARY PARTY**

Comes now the plaintiff, by counsel, who moves the Court to enter the attached Order granting him leave to amend his complaint pursuant to FRCP 15(c) and FRCP 19(a). In support of this motion, the plaintiff states as follows:

    1.    The plaintiff was injured in a motor vehicle accident in Louisville, Kentucky in November of 2020, suffering cervical injuries requiring surgery. The plaintiff was on the job as an emergency medical first responder, riding in the back of an ambulance owned and operating by New Chapel EMS from Indiana when the accident occurred. The other driver, Victoria Fleck, failed to yield right-of-way to the emergency vehicle under Kentucky law as it was transporting a patient to Norton's hospital.

    2.    Fearing that the New Chapel EMS insurer would assert a hard two-year statute of limitations, the plaintiff filed suit on November 16, 2022 against the entity the plaintiff's employer identified as its insurer, McNeil & Company. Prior to filing suit, McNeil & Company acknowledged the claim in early November 2022, even though the underlying tort action was unresolved due to the several persons asserting claims against the other driver who struck the ambulance.

2. McNeil & Company has since asserted that it is not the insurer, but Arch Insurance Company is the insurer. Plaintiff believes that is a distinction without a difference insofar as Arch Insurance Company's website names McNeil and Company as its United States company. (Exhibit 1, website of Arch naming McNeial & Company as one of ***its*** locations, https://www.archgroup.com/location/cortland-new-york/). That is important because McNeil & Company facilitated starting the claim and sent the declarations page to plaintiff, that did not state Arch Insurance Company. (Exhibit 2, form declarations page).

3. Arch Insurance Company is a necessary party along with McNeil & Company because the policy at issue has each parties' names, and McNeil & Company, which the plaintiff dealt with pre-suit, was the domestic "location" of Arch Insurance Company that welcomed the UIM claim.

4. To the extent McNeil & Company is designated as a location for Arch Insurance Company; it is on the UIM policy; and, it initiated the UIM claim, there is no question that FRCP15(c) and FRCP 19(a) allows joinder and relation back of this amended complaint.

5. FRCP 15(c), Relation Back of Amendments, provides:

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

USCS Fed Rules Civ Proc R 15.

In this case, notice of the UIM claim was provided to McNeil & Company, which acknowledged the claim before the two-year asserted statute of limitations for any UIM claim. Further, the passengers of the ambulance and occupants of the other car have asserted claims against New Chapel EMS (which operated as Utica Township Volunteer Firefighters Association on the insurance policy). So, the claim was well known by Arch Insurance Company via the other claims, and by the plaintiff in this action via his notice of the UIM claim that predated the two-year anniversary of the November 16, 2020, accident. The plaintiff's notice was to McNeil & Company, which Arch Insurance Company identifies as one of its United States locations. So, providing notice to McNeil & Company is as effective as notice to Arch Insurance Company.

6. FRCP 19(a) provides:

> (a) Persons Required to Be Joined if Feasible.
>     (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>         (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>         (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>             (i) as a practical matter impair or impede the person's ability to protect the interest; or
>             (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>     (2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.
>     (3) Venue. If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.
> USCS Fed Rules Civ Proc R 19

The plaintiff believes that McNeil & Company is a proper party and his UIM claim may proceed against it given the circumstances in this case, however, insofar as it has asserted failure to join a necessary party, the plaintiff moves the Court to allow it to join Arch Insurance Company so that all proper parties are before the Court to allow the plaintiff the relief to which he is entitled under the UIM policy issued by the defendant and Arch Insurance Company under FRCP 19(a)(1)(A).

WHEREFORE, the plaintiff moves the Court to grant his motion under FRCP 15 and FRCP 19 adding Arch Insurance Company as a party and granting leave to file his first amended complaint.

Respectfully Submitted,

*/s/ J. Bart McMahon*
J. BART MCMAHON, 85937
COUNSEL PLAINTIFF
119 South Seventh Street, 4th Floor
Louisville, Kentucky 40202
(502) 589-4713
(502) 584-0656—fax
jbartmc@mac.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy hereof has been served upon the following on this 10th day of September 2023 via the ECF filing system:

Hon. William T. Donnell
Hon. Richard V. Evans
WHITTEN LAW OFFICE LLC
700 N. Hurstbourne Pkwy, Ste 112
Louisville, KY 40222
P: 502-430-1016
wdonnell@louisvillecounsel.com
revans@louisvillecounsel.com
Counsel for Defendant

*/s/ J. Bart McMahon*
J. BART MCMAHON, 85937
COUNSEL PLAINTIFF